504 P.2d 494

**STATE of Arizona, Appellee,**

v.

**Calvin Edward JOHNSON, Appellant.**

**No. 1 CA–CR 424.**

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 21, 1972.

Gary K. Nelson, Atty. Gen., by Louis A. Moore, Jr., Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HAIRE, Chief Judge, Division 1.

The defendant, Calvin Edward Johnson, pled guilty to second degree burglary with a prior conviction. He received a sentence of not less than eight nor more than ten years in the Arizona State Prison. On appeal the defendant has been represented by appointed counsel, and a brief has been filed in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

The Anders brief states as an arguable question presented, "Did the trial court adequately establish on the record that the defendant understood the nature of the charges against him?" In our opinion this question is not arguable—the record clearly reflects that the defendant did understand the nature of the charges against him. The record made at the preliminary hearing, and at the time of the acceptance of the guilty plea, which was the result of an open plea bargain, demonstrates that the guilty plea was entered voluntarily and intelligently, with full knowledge of the consequences of the plea and the waiver of constitutional rights involved.

In addition to the Anders brief filed by defense counsel, defendant *in propria persona* has filed a document in this Court in which he complains of the alleged unfairness of the law which allows an increase in the possible maximum sentence upon the allegation and proof of a prior felony conviction. In this connection, we have carefully reviewed the record and find that the defendant was thoroughly advised of the consequences of the admission of a prior felony conviction before the trial judge granted the state's motion to add the prior conviction allegation and before accepting the defendant's admission of the prior conviction.

The Court has searched the record for fundamental error as required by A.R.S. § 13–1715, and has found none.

The judgment of conviction and sentence imposed by the trial court are affirmed.

EUBANK and JACOBSON, JJ., concur.