508 P.2d 81

STATE of Arizona, Appellee,

v.

Anthony LOPEPARO, Jr., Appellant.

No. I CA–CR 482.

Court of Appeals of Arizona,
Division 1,
Department B.

April 5, 1973.

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender for Maricopa County, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

JACOBSON, Chief Judge, Division 1.

The defendant, Anthony Lopeparo, Jr., has appealed his judgment of conviction and sentence for second degree burglary, following his guilty plea.

The only issue raised by the defendant's counsel in his *Anders* [1] brief is whether the defendant understood the nature of the charge against him, defendant's counsel conceding, and our independent review of the record confirms this concession, that in all other respects the dictates of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), were complied with. On this one issue the transcript of the hearing for change of plea reveals the following questions by the court and answers by the defendant:

"Q. Do you understand what is going on here?

"A. I have a rough idea.

"Q. You better have a little bit more than a rough idea.

"A. Well, I understand.

"Q. You understand that the charge against you now is burglary in the second degree resulting from the incident which occurred on or about the 15th day of October 1971, at the residence of Josephine Blanche Coolidge located at 5313 North 12th Street, Phoenix, Arizona?

"A. Yes, sir.

"Q. And it is your desire, sir, to enter a plea of guilty to this charge?

"A. Yes, sir."

In view of the defendant's presence at a preliminary hearing where the occurrences of October 15, 1971, at the residence of Josephine Blanche Coolidge were thorough-

---

I.  Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

ly and completely gone into and in view of the defendant's expression of understanding at the hearing for change of plea, we are of the opinion that the record adequately reflects the defendant's understanding of the nature of the charge against him. State v. Johnson, Ariz.App., 504 P.2d 494 (1972).

We have reviewed the entire record pursuant to A.R.S. § 13–1715 for fundamental error and have found none.

The defendant's judgment of conviction and sentence are affirmed.

EUBANK, P. J., and HAIRE, J., concur.